The Honorable C. Wayne Dowd State Senator 1206 State Line Avenue Texarkana, Arkansas 71854
Dear Senator Dowd:
This official Attorney General opinion is rendered in response to a question you have raised concerning the Deferred Option Plan (sometimes referred to as "DROP") for police officers in Arkansas. You have asked:
 Does the penalty that is described in A.C.A. § 24-11-434(i) apply to the officer's salary in the sixth, seventh, eighth, and ninth year, or just to the interest that the DROP account would earn?
I must note initially that it is my understanding that in referring to the officer's "salary," you are referring to regular retirement benefits that the officer would have received had he or she ceased employment and not opted to participate in DROP. These amounts are paid into the officer's DROP account while he or she is participating in DROP, and they earn interest at a prescribed rate.
With that understanding in mind, it is my opinion that the penalty that is described in A.C.A. § 24-11-434(i) applies to both the principal that has been paid into the individual's DROP account for the period of time after the individual's first five years of participation in DROP, and the interest that is earned on that amount.
The statutory section in question states in pertinent part:
24-11-434. Deferred retirement option plan.
 (i) Participants in the Arkansas Police Officers' Deferred Option Plan subject to the extended ten-year service limit shall forfeit a portion of the extended service benefits earned under the Arkansas Police Officers' Deferred Option Plan beyond the first five (5) years of participation should the participant terminate employment during the extended service time, absent death or disability, as follows:
 (1) Forfeit eighty percent (80%) if termination occurs in the sixth year of participation;
 (2) Forfeit sixty percent (60%) if termination occurs in the seventh year of participation;
 (3) Forfeit forty percent (40%) if termination occurs in the eighth year of participation; and
 (4) Forfeit twenty percent (20%) if termination occurs in the ninth year of participation.
A.C.A. § 24-11-434(i) (emphasis added).
Under the above-quoted provision, that which must be forfeited is a portion of "extended service benefits." The phrase "extended service benefits," as used in the statute, is not defined therein, nor has the phrase been interpreted by a court. However, the court has held in other contexts that in the absence of a statutory definition (and where there is no ambiguity), it is appropriate to give the words of a statute their commonly understood meanings. Ark. Dept. of Human Serv. v. Wilson,323 Ark. 151, 913 S.W.2d 783 (1996); Caplener v. Bluebonnet Milling Co.,322 Ark. 751, 911 S.W.2d 586 (1995).
I interpret the phrase "extended service benefits" to include both principal and interest, because the benefits of "extended service" under DROP include not only the deferment of the principal that is paid into the DROP account, but also the use of that amount to earn interest, as well as the receipt of a regular paycheck. The entire package constitutes the "extended service benefit" that is made available under DROP. For this reason, I conclude that the penalty described in A.C.A. §24-11-434(i) applies to both the principal that is paid into the DROP account for the period of time after the individual's first five years of participation in DROP, and the interest that is earned on that amount.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh